WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Carol Roberts,<br><br>Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-17-00195-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Diane Carol Roberts' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 18, 19, 21), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is

reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for Supplemental Security Income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d). If the impairment meets or equals one

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**<u>Step Four:</u>** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**<u>Step Five:</u>** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.

---

[2] *Parra*, 481 F.3d at 746.

1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1962, has no past relevant work. (A.R. 35, 84). In October 2014, Plaintiff filed an application for supplemental security income. (A.R. 188-95). Plaintiff's application alleged that on March 31, 2001, she became unable to work due to major depression and anxiety disorder. (A.R. 84). Plaintiff subsequently amended the alleged disability onset date to October 14, 2014. (A.R. 49). Social Security denied the application on March 12, 2015. (A.R. 117-20). In September 2015, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 125-31). Plaintiff sought further review by an ALJ, who conducted a hearing in July 2016. (A.R. 45-83, 133-35).

In a September 19, 2016 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 24-37). The Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6, 14-20). On January 20, 2017, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 14, 2014, the alleged disability onset date. (A.R. 26). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) osteoarthritis; (ii) anxiety disorder; (iii) "affective disorder (a.k.a depression)"; and (iv) personality disorder. (A.R. 26). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 27-29). Neither party challenges the ALJ's determination at this step.

#### 4. Steps Four and Five: Capacity to Perform Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that
> there are no limits on amount of time sitting and the claimant could stand for 6 hours, alternating to sitting for 10 minutes after every 1 hour of standing. Claimant could walk for 6 hours, alternating to sitting for 10 minutes after every 1 hour of walking. Claimant could frequently reach overhead, bilaterally and could frequently handle, bilaterally. Claimant could frequently climb ramps and stairs but could occasionally climb ladders, ropes or scaffolds. Claimant should never be at unprotected heights. Claimant could maintain attention, pace, and persistence to carry out at least simple instructions. Claimant could have occasional contact

> with coworkers and the public. Claimant could make simple
> work-related decisions.

(A.R. 29). As Plaintiff has no past relevant work, the ALJ proceeded to Step Five and determined whether Plaintiff could perform any work existing in significant numbers in the national economy. (A.R. 35).

Based on the assessed RFC and the testimony of the Vocational Expert ("VE"), the ALJ concluded that Plaintiff is capable of performing the requirements of representative occupations such as cashier, document preparer, and addressing clerk. (A.R. 36). Plaintiff disputes this determination.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Psychiatrist Diane Papke, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On April 20, 2015, Plaintiff's treating psychiatrist, Diane Papke, M.D., completed a "Medical Assessment of Claimant's Ability to Perform Work Related Activities (Mental)" (the "Medical Assessment"). (A.R. 526-27). Dr. Papke opined that Plaintiff

has "moderately severe"[3] limitations with respect to Plaintiff's ability to relate to other people, complete daily activities, and understand, carry out, and remember instructions. (Bates No. 526). Dr. Papke also opined that Plaintiff has (i) "severe" deterioration in personal habits and constriction of interests; (ii) "moderate" limitations in responding appropriately to supervision and co-workers and in performing simple tasks; (iii) "severe" limitations in responding to customary work pressures; and (iv) "moderately severe" limitations resulting from the side effects of Plaintiff's medications. (A.R. 526-27). In addition, Dr. Papke stated that Plaintiff's psychiatric symptoms would severely affect the sustainability of work pace. (A.R. 527). Dr. Papke's opinions may not be discounted without specific and legitimate reasons supported by substantial evidence in the record.[4]

The ALJ gave Dr. Papke's Medical Assessment "partial weight." (A.R. 32). The ALJ first explained that Dr. Papke's opinion

> is internally inconsistent, in that her treating notes do not indicate the level of severity she opined. For example, Dr. Papke identified side effects to medication that included sedation, hypertension, sweating and dry mouth. However, Dr. Papke's medical records do not support his assertion. Specifically, there is little to no evidence of any side effects. (4F; 10F; 14F).

(*Id.*). Although Dr. Papke's treatment notes indicate that Dr. Papke explained the side effects of Plaintiff's medications, Dr. Papke's notes expressly state that Plaintiff did not report any side effects. (*See, e.g.*, A.R. 377-78, 519-20, 522-23, 560-61). The Court finds that substantial evidence supports the ALJ's rejection of Dr. Papke's opinion that Plaintiff's medications cause side effects that impose "moderately severe" limitations.

---

[3] The form Dr. Papke completed defined "moderately severe" as "[o]ff task 11-15" of an 8-hour work day" and "severe" as "[o]ff task greater than 21% of an 8-hour work day." (A.R. 527)

[4] The specific and legitimate standard, not the clear and convincing standard, applies because Dr. Papke's opinions are contradicted by other acceptable medical sources (A.R. 91-93, 111-12, 720-26).

However, as explained below, the Court finds that the ALJ did not provide valid reasons for discounting Dr. Papke's remaining opinions.

After discussing Dr. Papke's opinion regarding medication side effects, the ALJ stated the following: "Additionally, in April 2015, claimant reported that she was feeling a lot better with her medication increase, and did not feel her medication needed to be changed. She stated she was sleeping better, her mood was 'pretty good', and her anxiety was not too bad." (A.R. 32). The Court finds that these statements mischaracterize the record. The April 2015 treatment note reflects that Dr. Papke conducted a mental status examination and found that Plaintiff's "[m]ood is depressed, dysphoric, dysthmic[.]" (A.R. 548). Dr. Papke stated that Plaintiff was "displaying low energy" and although Plaintiff's affect was "brighter," it was "blunted." (*Id.*). In addition, Dr. Papke noted improvement in Plaintiff's thought content, but found that it was "still problematic." (*Id.*). The Court does not find that the April 2015 treatment note contradicts the opinions expressed in Dr. Papke's Medical Assessment. Moreover, when "a person who suffers from severe panic attacks, anxiety, and depression" improves, that "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods—and even—the sporadic ability to work—are not inconsistent with disability."). "Cycles of improvement and debilitating symptoms are a common occurrence [in mental illness], and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (ALJ may not focus on isolated periods of improvement without examining broader context of claimant's condition).

Next, the ALJ stated that "[i]t appears Dr. Papke based her opinion on claimant's subjective complaints rather than the objective clinical findings, thus, is a sympathetic opinion." (A.R. 32). The Court does not find that this is a specific and legitimate reason

supported by substantial evidence for discounting Dr. Papke's opinions. First, Dr. Papke's treatment records do not indicate that Dr. Papke was acting as Plaintiff's agent or was so sympathetic to Plaintiff as to impair her professional judgment. *See Haulot v. Astrue*, 290 F. App'x 53, 54 (9th Cir. 2008) (holding that an ALJ's statement that treating doctor was "sympathetic" to a claimant did not constitute substantial evidence for rejecting the doctor's diagnosis where the ALJ did not point to evidence that the doctor "was so sympathetic to [the claimant] as to impair his sound professional opinion, or was acting as [the claimant's] agent to aid him in collecting disability benefits"); *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner."); *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

Second, Dr. Papke's treatment notes indicate that she conducted mental status examinations at each appointment. (*See, e.g.*, A.R. 377, 519, 522, 560). Dr. Papke indicated on the Medical Assessment that her opinions regarding Plaintiff's limitations result from documented objective, clinical, or diagnostic findings. (A.R. 527). There is no evidence in the record suggesting that Dr. Papke relied on Plaintiff's subjective complaints, rather than on Dr. Papke's own mental status examinations, in completing the Medical Assessment. *See Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (reversing an ALJ's decision and ordering payment of benefits where the ALJ improperly rejected the opinion of the examining psychiatrist whose opinions were based on the psychiatrist's mental status examination). In addition, the ALJ did not rely "explicitly upon substantial objective evidence of [Plaintiff's] lack of credibility" when explaining why Dr. Papke's opinions were discounted. *Calkins v. Astrue*, 384 F. App'x 613, 615 (9th Cir. 2010) (concluding that "an ALJ must be permitted to discount an opinion based

principally upon a claimant's self-reporting if the record contains objective evidence that the self-reporting is not credible").[5]

Finally, the ALJ stated: "Additionally, Dr. Papke opined on a matter left to the Commissioner of Social Security when she opined that claimant was unable to complete a normal 8 hour workday." (A.R. 32). The ultimate disability determination is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d). Dr. Papke, however, did not opine as to whether Plaintiff met the statutory definition of disability. Dr. Papke expressed medical opinions in the Medical Assessment as to the severity of Plaintiff's limitations. *See Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008) (concluding that an ALJ erroneously found that a physician opined on the ultimate disability determination, explaining that the physician "clearly expressed a medical opinion" when he described the claimant's "symptoms, including 'moderate to severe' chronic back pain"); 20 C.F.R. § 404.1527(a)(1) (a medical opinion "'reflect[s] judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions"). The Court does not find that the ALJ's final reason for discounting Dr. Papke's opinion is supported by substantial evidence.

Based on the foregoing, the Court finds that the ALJ properly discounted Dr. Papke's opinion regarding medication side effects, but improperly discounted Dr. Papke's remaining opinions. This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

---

[5] Defendant cites *Calkins* to support Defendant's argument that the ALJ properly discounted Dr. Papke's opinions on the basis that they were based on Plaintiff's subjective complaints. (Doc. 19 at 9). Because *Calkins* is an unpublished decision, it is only persuasive authority, not binding precedent. Ninth Cir. Rule 36-3. Further, the Ninth Circuit panel in *Calkins* noted that the case was distinguishable from *Ryan*. Unlike the ALJ's decision in *Ryan*, the ALJ's decision in *Calkins* "relied explicitly upon substantial objective evidence of Calkin's lack of credibility as a basis for rejecting" a treating physician's opinions. *Calkins*, 384 F. App'x at 615. The panel explained that "*Ryan* did not address the extent to which an ALJ may consider such evidence when determining what weight to accord a medical opinion." *Id.*

**D. The Case Will Be Remanded for an Award of Benefits**

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

>    1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
>    2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.
>
>    3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the

record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Papke opined that Plaintiff would be off task greater than 21% of an 8-hour work day. (A.R. 527). At the administrative hearing, the VE testified that Plaintiff could be off task "[o]nly about 10 percent" of a workday in order to maintain employment. (A.R. 80). The Court finds that if Dr. Papke's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective October 14, 2014 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective October 14, 2014.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 29th day of December, 2017.

_____
Eileen S. Willett
United States Magistrate Judge